IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01267-BNB

DALE GROSS,

      Applicant,

v.

DAVE MICHAUD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 1 2010

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND A MAGISTRATE JUDGE

---

      Applicant, Dale Gross, was a prisoner in the custody of the Colorado Department of Corrections (DOC) who was incarcerated at the Sterling, Colorado, correctional facility when he initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his convictions and sentence in Adams County District Court case numbers 98CR1913 and 98CR2274. He since has been released on parole and has notified the Court of his new address.

      On June 24, 2009, Magistrate Judge Boyd N. Boland granted Mr. Gross leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and ordered him to submit within thirty days an amended application that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On July 17, 2009, he submitted an amended application. On August 13, 2009, he submitted a second amended application. On August 17, 2009, Magistrate Judge Boland ordered Respondents to file

within twenty days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On August 20, 2009, Mr. Gross informed the Court that he had been released on parole. On October 1, 2009, after being granted an extension of time, Respondents filed their pre-answer response. On October 19, 2009, Applicant filed a reply.

The Court must construe liberally Mr. Gross's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the habeas corpus application in part.

## I. Factual and Procedural Background

In No. 98CR1913, Mr. Gross was charged with single counts of kidnapping and domestic violence and two counts each of second-degree burglary, first-degree criminal trespass, and third-degree assault arising from incidents occurring on July 24 and 27, 1998. In No. 98CR2274, Mr. Gross was charged with attempted first-degree murder, first-degree burglary, retaliation against a witness or victim, second-degree assault, violation of bail bond conditions, third-degree assault, domestic violence, committing a crime of violence, and two counts of violating a restraining order arising from an incident occurring on September 9, 1998.

Before trial, the Adams County District Court consolidated the two cases, permitting the prosecution to try all charges in a single proceeding except the three

counts related to bail bond and restraining order violations, which the prosecution subsequently dismissed.  A jury convicted Mr. Gross of first-degree criminal trespass, first-degree burglary, retaliation against a witness or victim, second-degree assault, third-degree assault, two counts of domestic violence, and one crime-of-violence count, and acquitted him on the other counts.  The trial court imposed a combination of concurrent and consecutive prison sentences totaling twelve years.

Mr. Gross appealed directly, challenging only the trial court's order consolidating his cases for trial.  On December 20, 2001, the Colorado Court of Appeals affirmed. *See People v. Gross*, No. 00CA0700 (Colo. Ct. App. Dec. 20, 2001), published at 39 P.3d 1279 (Colo. Ct. App. 2001) (pre-answer response, ex. G) (*Gross I*).  Mr. Gross did not petition for certiorari review.

In No. 98CR1913, Mr. Gross on June 3, 2002, filed a motion for sentence reconsideration, which the trial court denied ten days later.  On appeal, the Colorado Court of Appeals affirmed.  *See People v. Gross*, No. 02CA1301 (Colo. Ct. App. July 24, 2003) (unpublished) (*Gross II*).

On October 15, 2002, while the appeal in No. 02CA1301 was pending, Mr. Gross filed *pro se* in Nos. 98CR1913 and 98CR2274 a 560-page motion for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.  On November 22, 2002, the trial court denied the motion without a hearing at a time when jurisdiction had passed to the Colorado Court of Appeals in No. 01CA1301.  On December 6, 2002, Mr. Gross filed a supplement to the Colo. R. Crim. P. 35(c) motion and filed his notice of appeal without waiting for a trial court ruling on the supplement.

3

On February 11, 2003, the Colorado Court of Appeals remanded the case for the trial court to enter its November 22, 2002, order.  On March 12, 2003, the trial court did so.

On August 19, 2004, the Colorado Court of Appeals affirmed.  *See People v. Gross*, No. 02CA2538 (Colo. Ct. App. Aug. 19, 2004) (not published) (*Gross III*).  In response to Mr. Gross's petition for rehearing, the appeals court remanded the case to the trial court to rule on the December 6, 2002, supplemental motion.  On June 15, 2005, the trial court entered an order finding that the jury had been misinstructed on the defense of self-defense, reversed his conviction, and ordered a new trial.

On August 18, 2005, the Colorado Court of Appeals issued an order withdrawing *Gross III* in light of the relief granted by the trial court on remand, and dismissed the appeal without prejudice.  *See* pre-answer response, ex. R.  The trial court subsequently determined that Mr. Gross was entitled to a new trial only as to the second-degree assault charge, which the prosecution chose to dismiss.

Mr. Gross appealed, maintaining that the trial court erred when it reversed only the second-degree assault conviction and did not reverse the first-degree burglary conviction.  On October 30, 2008, the Colorado Court of Appeals affirmed the trial court's orders, and remanded with directions to ensure that the mittimus reflected the dismissal of the second-degree assault charge.  *See People v. Gross*, No. 06CA0513 (Colo. Ct. App. Oct. 30, 2008) (not published) (*Gross IV*) (pre-answer response, ex. T) .  On April 6, 2009, certiorari review was denied.

4

Mr. Gross first was paroled on July 28, 2008.  *See* pre-answer response, ex. X at

1.  On February 19, 2009, his parole was revoked and he was reincarcerated.  *See id.*

He again was paroled on August 18, 2009.  *Id.*

On May 20, 2009, Mr. Gross tendered his original application, which the Court

filed on June 1, 2009.  He filed amended applications on July 17, 2009, and on August

13, 2009.  Respondents concede that the instant action is filed in a timely manner, i.e.,

within the one-year limitation period in 28 U.S.C. § 2244(d).  Therefore, the Court need

not address further the one-year limitation period.

## II. Claims

In his second amended application, filed on August 13, 2009, Mr. Gross asserts

eleven claims, three with subparts:

> (1) The state courts erred in reversing only his
> second-degree assault conviction based upon a faulty self-
> defense instruction, implicating his right to a fair trial;
>
> (2) The prosecution suppressed exculpatory blood
> evidence that was on two gun cases, implicating his right to
> a fair trial;
>
> (3) His conviction for retaliation against a witness
> violates his right to equal protection, as he "cannot be in a
> position to commit both retaliation and intimidating a
> witness/victim."  In addition, the "phrase 'act of harassment'
> [as used in Colo. Rev. Stat. § 18-8-706] is unconstitutionally
> overbroad."  Second amended application at 11-12.
>
> (4) He had ineffective assistance of counsel based on
> the following grounds:
>
>> (a) Trial and appellate counsel were
>> ineffective by failing to raise the issues of the
>> faulty self-defense instruction and the
>> unconstitutional definition of "act of

harassment." Second amended application at 12.

(b) Trial counsel was ineffective for failing to:

(i) present a choice-of-evils defense;

(ii) challenge the prosecution's suppression of evidence;

(iii) obtain expert testimony in crime scene investigation techniques;

(iv) obtain a medical doctor or burn expert, fluid expert, and metallurgist to testify regarding substance on a knife that was found at the crime scene;

(v) photograph Applicant's burned hand near the time of the crimes;

(vi) impeach the complaining witness with his inconsistent statements;

(vii) object to instances of prosecutorial misconduct with regard to the suppression of evidence, leading questions of the complainant, cross-examination of Applicant, and closing argument;

(viii) adequately advise Applicant about the faulty self-defense instruction, as Applicant would not have testified if he had

known the jury would be
instructed improperly.

(5) Prosecutorial misconduct, implicating Applicant's
right to a fair trial, by:

(a) suppressing evidence;

(b) using leading questions "to create
false testimonial evidence," second amended
application at 14;

(c) misstating the evidence during
closing argument;

(d) vouching for the complaining
witness's credibility;

(e) cross-examining Applicant about a
count the court previously had severed;

(f) engaging in questioning that implied
Applicant had lied.

(6) The complaining witness committed perjury,
implicating Applicant's right to a fair trial.

(7) Applicant's waiver of his right to remain silent was
not knowing or intelligent, as trial counsel did not advise him
that the faulty self-defense instruction informed the jury that
Applicant's actions did not constitute self-defense.

(8) The consolidation of two criminal cases into one
trial was improper, implicating Applicant's right to a fair trial.

(9) The failure of the trial court to bring Applicant to
trial within six months of the Colorado Court of Appeals'
mandate in *Gross III* violated his right to due process under
the federal constitution and his right to a speedy trial.

(10) The trial court violated Applicant's right to due
process by:

(a) failing to make a good-faith inquiry
into Applicant's motions, briefs, and claims;

7

(b) delaying the proceedings on remand;

(c) acting without jurisdiction when it reconsidered the scope of the Colorado Court of Appeals' remand.

He also alleges:

(a) he was denied his right to equal protection by having to file multiple appeals, whereas other criminal defendants only have to file one;

(b) The Colorado Court of Appeals violated his right to due process when it dismissed *Gross II* with an order only and did not issue and opinion and a mandate.

(c) The trial court forced Applicant to proceed with counsel during postconviction proceedings.

(d) The prosecution committed a fraud on the court by misrepresenting the nature of Applicant's claim for presentence confinement credit.

(11 - 14) Applicant's rights to free speech, equal protection, due process, and freedom of assembly were violated by the conditions of his parole. Second amended application at 22-24. Applicant supports his allegations in each claim through use of the same set of facts related to parole conditions. He asserts that on unidentified dates and times, he went to the office of Governor Bill Ritter in order to address executive clemency and numerous issues regarding his parole. He was denied access to the governor's office. Due to the denial, he believes he has been denied his right of access to the "legislative branch" of the state government. Second amended application at 22. Additionally, he asserts that he was denied access to various government services, including food stamps, the child support bureau, and the United States Census Bureau pre-employment examination. He also asserts that he experienced difficulty with the therapist in his sex offender treatment program (SOTP) and

that he filed a grievance against the therapist with the Department of Regulatory Agencies. He claims that the grievance related to this SOTP treatment led to his termination from the program and, ultimately, his reincarceration for violating parole.

### III. Exhaustion of State Remedies

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional

claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The below discussion of Mr. Gross's claims is organized according to whether the claims are exhausted or are unexhausted and procedurally barred. The exhausted claims will be discussed first.

### A. Exhausted Claims

### Claim One

As previously stated, Mr. Gross's first claim is that the state courts erred in reversing only his second-degree assault conviction based upon a faulty self-defense instruction, implicating his right to a fair trial. Respondents concede that Mr. Gross raised his first claim on direct appeal to the Colorado Court of Appeals as a violation of the Due Process Clause, specifically arguing that the faulty instruction relieved the government of its burden of proof. *See* pre-answer response, ex. S at 13-14. However, Respondents contend that the claim is unexhausted because Mr. Gross did not raise the claim in his petition for writ of certiorari on direct appeal. The Court does not agree that Mr. Gross's failure to raise his due process claim in the Colorado Supreme Court

10

after it was presented fairly to the Colorado Court of Appeals means the due process claim is unexhausted.

In order to exhaust state remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id*. at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process.  More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.  Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1.  Therefore, the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals.  The Court is not persuaded by Respondents' arguments to the contrary.

Furthermore, the Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need

11

to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).   Therefore, the Court rejects Respondents' argument that Mr. Gross failed to exhaust the due process claim because the claim was not raised in the Colorado Supreme Court in a petition for writ of certiorari after the claim was presented fairly to and rejected by the Colorado Court of Appeals.

<u>Claim Four</u>

Mr. Gross presented the following grounds for ineffective assistance of trial counsel to the state court.   For ease of understanding, the Court has used the same designation of these grounds as used in the discussion of claim four and its subparts in II. <u>Claims</u> above.   These ineffective-assistance-of-trial-counsel grounds include:

(a)    failure to object to the faulty self-defense instruction. *See* pre-answer response, ex. S (opening brief in *Gross IV*) at 11.

(b)(ii)  failure to challenge the prosecution's suppression of evidence.  *See* pre-answer response, ex. O (*Gross III*) at 3-4.

(b)(iii)  and (b)(iv)  failure to obtain expert testimony.  *See* pre-answer response, ex. S (defendant's opening brief in *Gross IV*) at 7, 20; ex. T (*Gross IV*) at 10-11.

(b)(v)  failure to photograph Applicant's injuries in a timely manner.  *See* pre-answer response, ex. S (defendant's opening brief in *Gross IV*) at 7, 20; ex. T (*Gross IV*) at 10-11.

(b)(vi)  failure to impeach the complaining witness with his inconsistent statements.  *See* pre-answer response, ex. S (defendant's opening brief in *Gross IV*) at 7, 20; ex. T (*Gross IV*) at 9-10.

Mr. Gross also raised these grounds in a cursory manner in his certiorari petition. *See* pre-answer response, ex. V (petition for a writ of certiorari in *Gross IV*) at 8. These grounds appear to be exhausted. The Court next will discuss the claims that are unexhausted and procedurally barred.

### B. Procedurally Defaulted Claims

Respondents contends that Mr. Gross failed to exhaust claims two, three, part of claim four, five, six, seven, eight, nine, and ten. The Court agrees and, for the reasons stated below, will dismiss these claims as procedurally barred.

### Claim Two

Mr. Gross presented his second claim, i.e., that the prosecution suppressed exculpatory blood evidence that was on two gun cases, implicating his right to a fair trial, in *Gross III*, but not in a procedurally proper manner so as to alert the Colorado Court of Appeals to a federal constitutional question. In his opening brief, Mr. Gross generally referred to "constitutional rights," *see* pre-answer response, ex. M (opening brief) at 10; to his "right to due process," *id.* at 23, 25, 28-29; and to a fair trial. *Id.* at 28-29. Nowhere did Mr. Gross specify that he was referring to a federal or state constitutional right, cite an appropriate federal case, or label his claim as federal. It is not enough to make a general appeal to a constitutional guarantee as broad as due process or equal protection in order to present the substance of a federal claim to a state court. *See Gray v. Netherland*, 518 U.S. 152, 163 (1996).

Not until Mr. Gross's reply brief did he alert the Colorado Court of Appeals to the federal nature of the claim by citing *Brady v. Maryland*, 373 U.S. 83 (1966). *See* pre-answer response, ex. N (reply brief) at 9. However, arguments presented for the first

13

time in a reply brief will not be considered.  *See, e.g.*, *People v. Czemerynski*, 786

P.2d 1100, 1107 (Colo. 1990).  Because Mr. Gross failed to present his second claim to

the Colorado Court of Appeals in a procedurally proper manner, he failed to exhaust

claim two.

Claim Three

Mr. Gross's third claim is that his conviction for retaliation against a witness

violates his right to equal protection, as he "cannot be in a position to commit both

retaliation and intimidating a witness/victim."  In addition, he asserts that the "phrase

'act of harassment' [as used in Colo. Rev. Stat. § 18-8-706] is unconstitutionally

overbroad."  Second amended application at 6-7.

Mr. Gross presented his third claim for the first time to the Colorado Supreme

Court when he sought certiorari review of *Gross IV*.  *See* pre-answer response, ex. V

(petition for writ of certiorari) at 7.  However, because he failed to present claim three to

the Colorado Court of Appeals, he failed to invoke one complete round of Colorado's

established appellate review process.  *See O'Sullivan*, 526 U.S. at 845 ("state

prisoners must give the state courts one full opportunity to resolve any constitutional

issues by invoking one complete round of the State's established appellate review

process").  Claim three is unexhausted.

Claim Four

As to the remaining grounds for ineffective assistance of counsel, Mr. Gross

either failed to present them to the Colorado Court of Appeals, or presented them in a

procedurally improper manner, *i.e.*, in a brief other than an opening brief.  *See*

*Czemerynski*, 786 P.2d at 1107.  For ease of understanding, the Court again has used

14

the same designation of these grounds as used in the discussion of claim four and its

subparts in II. Claims above.  These ineffective-assistance-of-counsel grounds include:

> (a)      appellate counsel failed to present a claim concerning the faulty self-defense instruction.  (This claim does not appear to have been presented to the Colorado Court of Appeals.).
>
> (a)      trial and appellate counsel failed to challenge the constitutionality of Colo. Rev. Stat. § 18-8-706, concerning retaliation against a witness or victim.  (Applicant raised this claim for the first time in his petition for rehearing following *Gross IV*, *see* pre-answer response, ex. U (petition for rehearing) at 6-7; and in his certiorari petition, *see* pre-answer response, ex. V (petition for a writ of certiorari) at 6-7.).
>
> (b)(i)   trial counsel failed to present a choice-of-evils defense.  (Applicant presented this claim for the first time in his petition for rehearing following *Gross IV*.  *See* pre-answer response, ex. U (petition for rehearing) at 4.).
>
> (b)(vii) trial counsel failed to object to the prosecutor's leading questions of the complaining witness, cross-examination of Mr. Gross, and closing argument.  (This claim does not appear to have been presented to the Colorado Court of Appeals.).
>
> (b)(viii) trial counsel failed to advise Mr. Gross adequately about the faulty self-defense instruction.  (This claim does not appear to have been presented to the Colorado Court of Appeals.).

Because Mr. Gross failed to present these grounds to the Colorado Court of

Appeals in a procedurally proper manner, he failed to exhaust them.

## Claim Five

The suppression-of-evidence portion of claim five (claim (5)(a) in II. Claims

above) repeats claim two and, for the reasons stated in the discussion of claim two, is

unexhausted.  Mr. Gross presented to the Colorado Court of Appeals his claims of

15

improper leading questions (claim (5)(b) above), *see* pre-answer response, ex. M

(opening brief in *Gross III*) at 14, 17, 19; misstating the evidence during closing

argument (claim (5)(c) above), *see* pre-answer response, ex. M at 20-22; vouching for

the complaining witness's credibility (claim (5)(d) above), *see* pre-answer response, ex.

M at 25; and engaging in questioning that implied Mr. Gross had lied (claim (5)(f)

above), *see* pre-answer response, ex. M at 20, 22, 24, and 26-28.  However, as he did

in claim two, Mr. Gross failed to raise a federal constitutional claim until his reply brief,

when he cited to *Miller v. Pate*, 386 U.S. 1 (1967), *see* pre-answer response, ex. N

(reply brief in *Gross III*) at 10.  As previously stated, arguments presented for the first

time in a reply brief will not be considered.  *See Czemerynski*, 786 P.2d at 1107.

        Because Mr. Gross failed to present his claims (5)(a), (5)(b), (5)(c), (5)(d) and

(5)(f) to the Colorado Court of Appeals in a procedurally proper manner, he failed to

exhaust claim these claims.

        It does not appear that Mr. Gross ever presented to the Colorado Court of

Appeals his claim that the prosecutor improperly cross-examined him about a count the

court previously had severed (claim (5)(e) above).  For the reasons explained below,

Applicant no longer can present this claim to the state appellate court and, therefore,

the claim is defaulted procedurally.

Claim Six

        Mr. Gross presented the facts of his sixth claim, i.e., that the complaining witness

committed perjury, implicating Mr. Gross's right to a fair trial, to the Colorado Court of

Appeals in *Gross III*.  *See* pre-answer response, exs. M (opening brief) and N (reply

brief).  However, as with claims two and five, not until his reply brief did Mr. Gross

16

provide any authority suggesting a federal constitutional basis for claim six. He cited a state case, *Deluzio v. People*, 494 P.2d 589 (Colo. 1972), which relied on federal constitutional principles in analyzing a claim of perjured testimony. *See* pre-answer response, ex. N. at 12. However, arguments presented for the first time in a reply brief will not be considered. *See Czemerynski*, 786 P.2d at 1107. Because Mr. Gross failed to present his sixth claim to the Colorado Court of Appeals in a procedurally proper manner, he failed to exhaust the claim.

### Claim Seven

As his seventh claim, Mr. Gross alleges that his waiver of the right to remain silent was not knowing or intelligent, as trial counsel did not advise him that the faulty self-defense instruction informed the jury that his actions did not constitute self-defense. He raised this claim for the first time in his certiorari petition on appeal from *Gross IV*. *See* pre-answer response, ex. V (petition for a writ of certiorari) at 9. However, he never presented his seventh claim to the Colorado Court of Appeals. Because he failed to do so, he failed to invoke one complete round of Colorado's established appellate review process. *See O'Sullivan*, 526 U.S. at 845 ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). Claim seven is unexhausted.

### Claim Eight

As his eighth claim, Mr. Gross alleges that the consolidation of his two criminal cases into one trial was improper, thus implicating his right to a fair trial. He asserted on direct appeal that consolidation was improper because evidence of the facts from

17

one case were not admissible in the other.  In support of his argument on appeal, he cited *Spencer v. Texas*, 385 U.S. 554 (1967).  *See* pre-answer response, ex. E (opening brief in *Gross I*) at 12.  However, in *Spencer*, the sole issue was whether the use of prior convictions in a criminal trial "was so egregiously unfair upon the issue of guilt or innocence as to offend the provisions of the Fourteenth Amendment." *Id.* at 559.  Because *Spencer* did not decide the question at issue in claim eight, citing *Spencer* did not fairly alert the Colorado Court of Appeals that Mr. Gross was raising his consolidation claim as a federal constitutional question.  It is not enough to make a general appeal to a constitutional guarantee as broad as due process or equal protection to present the substance of a federal claim to a state court. *See Gray*, 518 U.S. at 163.  Therefore, claim eight is unexhausted.

## Claim Nine

As his ninth claim, Mr. Gross alleges that the trial court's failure to bring him to trial within six months of the Colorado Court of Appeals' mandate in *Gross III* violated his federal constitutional right to due process and his right to a speedy trial.  Mr. Gross does not appear to have raised a due process or speedy trial claim regarding the state courts' failure to bring him to trial following the dismissal of his appeal in *Gross III*. Therefore, claim nine is unexhausted.

## Claim Ten

The claims Mr. Gross asserts in his tenth claim either were not presented to the Colorado Court of Appeals or were presented in a procedurally improper manner, i.e., in a brief other than an opening brief. *See Czemerynski*, 786 P.2d at 1107.  For ease of understanding, the Court has used the same designation of these grounds as used in

the above discussion of claim ten and its subparts in II. <u>Claims</u> above.  These grounds

include that the trial court violated Mr. Gross's right to due process:

> (10)(a) by failing to make a good-faith inquiry into his motions, briefs, and claims.  (This claim does not appear to have been presented to the Colorado Court of Appeals.).

> (10)(b) by improperly delaying the proceedings on remand. (This claim restates claim nine.).

> (10)(c) by acting without jurisdiction when it reconsidered the scope of the Colorado Court of Appeals' remand in ***Gross III***.  (Mr. Gross raised a similar claim for the first time in his petition for rehearing following ***Gross IV***, in which he claimed that "[t]he trial court was not authorized to reconsider the scope of its ruling adversely to the Defendant once mandate issued."  ***See*** pre-answer response, ex. U (petition for rehearing) at 8.  He raised the same claim in his petition for writ of certiorari.  ***See*** pre-answer response, ex. V (petition for a writ of certiorari) at 1, 10-11.).

> Mr. Gross also alleges:

> (a) He was denied his right to equal protection by having to file multiple appeals.  (He filed a related claim in his petition for rehearing following ***Gross IV***, in which he argued that having to file multiple appeals violated his right to due process.  ***See*** pre-answer response, ex. U (petition for rehearing) at 8.  He included equal protection as a ground for the first time in his petition for a writ of certiorari.  ***See*** pre-answer response, ex. V (petition for a writ of certiorari) at 10.).

> (b) The Colorado Court of Appeals violated his right to due process when it dismissed ***Gross II*** with an order only and did not issue and opinion and a mandate.  (This claim does not appear to have been presented to the Colorado Court of Appeals.).

> (c) The trial court forced Applicant to proceed with counsel during postconviction proceedings.  (Mr. Gross raised this claim for the first time in his petition for a writ of certiorari following ***Gross IV***.  ***See*** pre-answer response, ex. V (petition for a writ of certiorari) at 11.).

> (d) The prosecution committed a fraud on the court by misrepresenting the nature of Mr. Gross's claim for presentence confinement credit. (This claim does not appear to have been presented to the Colorado Court of Appeals.).

Because Mr. Gross failed to present these grounds to the Colorado Court of Appeals in a procedurally proper manner, he failed to exhaust them.

The Court may not dismiss claims two, three, part of four, five, six, seven, eight, nine, and ten for failure to exhaust state remedies if Mr. Gross no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. No further state court remedy exists because any future claims would be denied as successive under Colo. R. Crim. P. 35(c) because they could have been presented in an appeal or postconviction proceeding previously brought. *See* Colo. Rev. Stat. § 35(c)(3)(VII). Therefore, the claims that Mr. Gross failed to exhaust are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Gross's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

20

To demonstrate cause for his procedural default, Mr. Gross must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Gross first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id*. Mr. Gross then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327.

Mr. Gross fails to argue any basis for a finding of cause and prejudice or a fundamental miscarriage of justice in this action. Therefore, because Mr. Gross has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice, the Court finds the claims two, three, part of four, five, six, seven, eight, nine, and ten that Mr. Gross failed to exhaust are procedurally barred, and must be dismissed.

Claims Not Cognizable in a 28 U.S.C. § 2254 Action

Claims Eleven Through Fourteen

In claims eleven through fourteen, Mr. Gross challenges the revocation of and

conditions of his prior parole, alleging that:

> (11 - 14) His rights to free speech, equal protection,
> due process, and freedom of assembly were violated by the
> conditions of his parole. Second amended application at 17-
> 19. Applicant supports his allegations in each claim through
> use of the same set of facts related to parole conditions. He
> asserts that on unidentified dates and times, he went to the
> office of Governor Bill Ritter in order to address executive
> clemency and numerous issues regarding his parole. He
> was denied access to the governor's office. Due to the
> denial, he believes he has been denied his right of access to
> the "legislative branch" of the state government. Second
> amended application at 17. Additionally, he asserts that he
> was denied access to various government services,
> including food stamps, the child support bureau, and the
> United States Census Bureau pre-employment examination.
> He also asserts that he experienced difficulty with the
> therapist in his sex offender treatment program (SOTP) and
> that he filed a grievance against the therapist with the
> Department of Regulatory Agencies. He claims that the
> grievance related to this SOTP treatment led to his
> termination from the program and, ultimately, his
> reincarceration for violating parole.

These claims are not cognizable in a 28 U.S.C. § 2254 action because they do

not attack the validity of Mr. Gross's conviction. *See* 28 U.S.C. § 2254(a). Accordingly,

it is

ORDERED that exhausted claim one is drawn to a district judge and to a

magistrate judge. It is

FURTHER ORDERED that the following exhausted portions of claim four are

drawn to a district judge and to a magistrate judge: (4)(a) (failure of trial counsel to

object to the faulty self-defense instruction), (4)(b)(ii), (4)(b)(iii), (4)(b)(iv), (4)(b)(v), and (4)(b)(vi).  It is

FURTHER ORDERED that the following portions of claim four are dismissed as procedurally barred:  (4)(a) (failure of appellate counsel to object to the faulty self-defense instruction and failure of trial and appellate counsel to challenge the constitutionality of Colo. Rev. Stat § 18-8-706, concerning the retaliation against a witness or victim), (4)(b)(i), (4)(b)(vii), and (4)(b)(viii).  It is

FURTHER ORDERED that claims two, three, five, six, seven, eight, nine, and ten are dismissed as procedurally barred.  It is

FURTHER ORDERED that claims eleven, twelve, thirteen, and fourteen are dismissed as not cognizable in a 28 U.S.C. § 2254 habeas corpus action.

DATED at Denver, Colorado, this _8th_ day of ____January____, 2010.

BY THE COURT:

_____ for

PHILIP A. BRIMMER
United States District Judge for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  09-cv-01267-BNB

Dale Gross
Prisoner No. 104225
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

John J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/11/10

GREGORY C. LANGHAM, CLERK

By: _____
                    Deputy Clerk