IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable William J. Martínez

Civil Action No. 09-cv-01267-WJM

DALE GROSS,

      Applicant,

v.

DAVE MICHAUD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Dale Gross, was a prisoner in the custody of the Colorado Department of Corrections who was incarcerated at the Sterling, Colorado, correctional facility when he initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his convictions and sentence in Adams County, Colorado, district court case numbers 98CR1913 and 98CR2274.  He since has been released on parole.

On June 24, 2009, Magistrate Judge Boyd N. Boland granted Mr. Gross leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and ordered him to submit within thirty days an amended application that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  On July 17, 2009, he submitted an amended application.  On August 13, 2009, he submitted a second amended application asserting fourteen claims.  On August 17, 2009, Magistrate Judge Boland

ordered Respondents to file within twenty days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  On August 20, 2009, Mr. Gross notified the Court that he had been released on parole.  On October 1, 2009, after being granted an extension of time, Respondents filed their pre-answer response.  On October 19, 2009, Applicant filed a reply.

In an order filed on January 11, 2010, the Court dismissed as procedurally barred claims two, three, five, six, seven, eight, nine, ten, and the following portions of claim four:  (4)(a) (failure of appellate counsel to object to the faulty self-defense instruction and failure of trial and appellate counsel to challenge the constitutionality of Colo. Rev. Stat. § 18-8-706, concerning the retaliation against a witness or victim), (4)(b)(i), (4)(b)(vii), and (4)(b)(viii).  The Court also dismissed claims eleven, twelve, thirteen, and fourteen as not cognizable in a 28 U.S.C. § 2254 habeas corpus action.  The Court drew as exhausted claim one and the following portions of claim four: (4)(a) (failure of trial counsel to object to the faulty self-defense instruction), (4)(b)(ii), (4)(b)(iii), (4)(b)(iv), (4)(b)(v), and (4)(b)(vi).  These claims remain pending.

On January 12, 2010, the Court ordered Respondents to file an answer by February 12, 2010.  On February 12, Respondents filed their answer (document no. 27). On March 8, 2010, Mr. Gross filed a reply (document no. 28).  On February 9, 2011, this action was reassigned.

In considering Mr. Gross's filings, the Court is mindful that he is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds them to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v.*

2

*Kerner*, 404 U.S. 519, 520 (1972).  Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim.  Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).  For the reasons stated below, the Court will dismiss pending claim claim one and the following portions of claim four:  (4)(a) (failure of trial counsel to object to the faulty self-defense instruction), (4)(b)(ii), (4)(b)(iii), (4)(b)(iv), (4)(b)(v), and (4)(b)(vi).

## I.  Factual and Procedural Background

In No. 98CR1913, Mr. Gross was charged with single counts of kidnapping and domestic violence and two counts each of second-degree burglary, first-degree criminal trespass, and third-degree assault arising from incidents occurring on July 24 and 27, 1998.  In No. 98CR2274, Mr. Gross was charged with attempted first-degree murder, first-degree burglary, retaliation against a witness or victim, second-degree assault, violation of bail bond conditions, third-degree assault, domestic violence, committing a crime of violence, and two counts of violating a restraining order arising from an incident occurring on September 9, 1998.

Before trial, the Adams County District Court consolidated the two cases, permitting the prosecution to try all charges in a single proceeding except the three counts related to bail bond and restraining order violations, which the prosecution subsequently dismissed.  A jury convicted Mr. Gross of first-degree criminal trespass, first-degree burglary, retaliation against a witness or victim, second-degree assault, third-degree assault, two counts of domestic violence, and one crime-of-violence count, and acquitted him on the other counts.  The trial court imposed a combination of concurrent and consecutive prison sentences totaling twelve years.

Mr. Gross appealed directly, challenging only the trial court's order consolidating his cases for trial.  On December 20, 2001, the Colorado Court of Appeals affirmed. *See People v. Gross*, No. 00CA0700 (Colo. Ct. App. Dec. 20, 2001), published at 39 P.3d 1279 (Colo. Ct. App. 2001) (pre-answer response, ex. G) (*Gross I*).  Mr. Gross did not petition for certiorari review.

In No. 98CR1913, Mr. Gross on June 3, 2002, filed a motion for sentence reconsideration, which the trial court denied ten days later.  On appeal, the Colorado Court of Appeals affirmed.  *See People v. Gross*, No. 02CA1301 (Colo. Ct. App. July 24, 2003) (not published) (pre-answer response, ex. K) (*Gross II*).

On October 15, 2002, while the appeal in *Gross II* was pending, Mr. Gross filed *pro se* in Nos. 98CR1913 and 98CR2274 a 560-page motion for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.  On November 22, 2002, the trial court denied the motion without a hearing at a time when jurisdiction had passed to the Colorado Court of Appeals in *Gross II*.  On December 6, 2002, Mr. Gross filed a supplement to the Colo. R. Crim. P. 35(c) motion, but filed his notice of appeal,

4

apparently from the trial court's denial of the Colo. R. Crim. P. 35(c) motion, without waiting for a trial court ruling on the supplement.  On February 11, 2003, the Colorado Court of Appeals remanded the case for the trial court to enter its November 22, 2002, order.  On March 12, 2003, the trial court did so.

On August 19, 2004, the Colorado Court of Appeals affirmed the trial court's denial of Mr. Gross's Colo. R. Crim. P. 35(c) motion.  *See People v. Gross*, No. 02CA2538 (Colo. Ct. App. Aug. 19, 2004) (not published) (pre-answer response, ex. O) (*Gross III*).  In response to Mr. Gross's petition for rehearing, the appeals court remanded the case to the trial court to rule on the December 6, 2002, supplemental motion.  On June 15, 2005, the trial court entered an order finding that the jury had been misinstructed on the defense of self-defense, reversing his conviction, and ordering a new trial.  *See* pre-answer response. ex. D.

On August 18, 2005, the Colorado Court of Appeals issued an order withdrawing *Gross III* in light of the relief granted by the trial court on remand, and dismissed the appeal without prejudice.  *See* pre-answer response, ex. R.  The trial court subsequently determined that Mr. Gross was entitled to a new trial only as to the second-degree assault charge, which the prosecution chose to dismiss.

Mr. Gross appealed, maintaining that the trial court erred when it reversed only the second-degree assault conviction and did not reverse the first-degree burglary conviction.  On October 30, 2008, the Colorado Court of Appeals affirmed the trial court's orders, and remanded with directions to ensure that the mittimus reflected the dismissal of the second-degree assault charge.  *See People v. Gross*, No. 06CA0513

(Colo. Ct. App. Oct. 30, 2008) (not published) (pre-answer response, ex. T) (*Gross IV*).

On April 6, 2009, certiorari review was denied.

Mr. Gross first was paroled on July 28, 2008.  *See* pre-answer response, ex. X at

1.  On February 19, 2009, his parole was revoked and he was reincarcerated.  *See id.*

He again was paroled on August 18, 2009.  *Id.*

On May 20, 2009, Mr. Gross tendered his original application, which the Court

filed on June 1, 2009.  He filed amended applications on July 17, 2009, and on August

13, 2009.  On January 11, 2010, the Court dismissed in part the second amended

application filed on August 18, 2009.  The Court now will address the merits of Mr.

Gross's remaining claims:

> (1) The state courts erred in reversing only his second-degree assault conviction based upon a faulty self-defense instruction, implicating his right to a fair trial;

> (4) He had ineffective assistance of counsel based on the following grounds:

>> (a) Trial counsel was ineffective by failing to raise the issue of the faulty self-defense instruction.

>> (b) Trial counsel was ineffective for failing to:

>>> (ii) challenge the prosecution's suppression of evidence;

>>> (iii) obtain expert testimony in crime scene investigation techniques;

>>> (iv) obtain a medical doctor or burn expert, fluid expert, and metallurgist to testify

> regarding substance on a knife
> that was found at the crime
> scene;
>
> (v) photograph Applicant's
> burned hand near the time of the
> crimes; and
>
> (vi) impeach the
> complaining witness with his
> inconsistent statements.

## II. Analysis

### A. Standard of Review on the Merits

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be

issued with respect to any claim that was adjudicated on the merits in state court unless

the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant

to 28 U.S.C. § 2254(d)(1).  *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003).

The threshold question pursuant to § 2254(d)(1) is whether Mr. Gross seeks to apply a

rule of law that was clearly established by the Supreme Court at the time his conviction

became final.  *See Williams v. Taylor*, 529 U.S. 362, 390 (2000).  Clearly established

federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's

decisions as of the time of the relevant state-court decision."  *Id.* at 412.  Furthermore,

7

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case sub judice.  Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).

If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to 28 U.S.C. § 2254(d)(1).  *See id.* at 1018.  If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law.  *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent."  *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405).  "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'"  *Williams*, 529 U.S. at 405 (citation omitted).

> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts.  *Id.* at 407-08.  Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409-10.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather that application must also be unreasonable." *Id.* at 411.  "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671.  "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Id.*

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002).  Section 2254(d)(2) allows the Court to grant a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct and Mr. Gross bears the burden of rebutting the presumption by clear and convincing evidence.  "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

The Court "owe[s] deference to the state court's result, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999).  Therefore, the Court "must uphold the state court's summary decision unless [the Court's] independent review of the record and pertinent federal law persuades [the Court] that its result contravenes or unreasonably applies clearly established federal law, or is based on an

unreasonable determination of the facts in light of the evidence presented."  *Id.* at 1178.

"[T]his 'independent review' should be distinguished from a full de novo review of the

petitioner's claims."  *Id.*

Finally, if the state court does not address a claim on the merits, the Court must

review the claim *de novo* and the deferential standards in 28 U.S.C. § 2254(d) are not

applicable.  *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

### B.  Claims

### Claim One

Mr. Gross contends that the state courts erred in reversing only his second-

degree assault conviction based upon a faulty self-defense instruction, implicating his

right to a fair trial.  In particular, Mr. Gross maintains that the state court erroneously

determined that "the mere intent to commit assault completes first degree burglary."

Second amended application at 5I.

"[N]ot every ambiguity, inconsistency, or deficiency in a jury instruction rises to

the level of a due process violation."  *Middleton v. McNeil*, 541 U.S. 433, 437 (2004).  A

§ 2254 applicant challenging a state court conviction based on an alleged error in a

particular jury instruction has a heavy burden.  *See Nguyen v. Reynolds*, 131 F.3d

1340, 1357 (10th Cir. 1997).  Generally, an error in jury instructions in a state criminal

trial is not reviewable in federal habeas corpus proceedings unless the error renders the

entire proceedings fundamentally unfair.  *See id.*; *see also Henderson v. Kibbe*, 431

U.S. 145, 154 (1977) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973), for the

proposition that "[t]he question in . . . a collateral proceeding is whether the 'ailing

instruction by itself so infected the entire trial that the resulting conviction violates due

process'"); *Thornburg v. Mullin*, 422 F.3d 1113, 1126 (10th Cir. 2005) (trial court's failure to give voluntary intoxication instruction sua sponte is reviewed only for denial of fundamental fairness and due process).

"[B]ecause a fundamental-fairness analysis is not subject to clearly definable legal elements, when engaged in such an endeavor a federal court must tread gingerly and exercise considerable self restraint." *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002) (internal quotation marks omitted). The Court's "[i]nquiry into fundamental fairness requires examination of the entire proceedings." *Le v. Mullin*, 311 F.3d 1002, 1013 (10th Cir. 2002) (per curiam).

To determine whether a self-defense instruction violated Mr. Gross's federal constitutional right to due process, a federal court must look to state law to assess the propriety and effect of the instruction. *See Tyler v. Nelson*, 163 F.3d 1222, 1227 (10th Cir. 1999) (federal habeas court turned to state law to assess whether prisoner was entitled to a self-defense instruction). The habeas court must defer absolutely to the state court's disposition of the state-law question. *Burleson v. Saffee*, 278 F.3d 1136, 1144 (10th Cir. 2002).

In rejecting Mr. Gross's challenge to the self-defense instruction, the Colorado Court of Appeals in *Gross IV* reasoned as follows:

> Defendant contends that, because the district court reversed his conviction for second degree assault, it erred when it did not also reverse his conviction for first degree burglary. We disagree.

> A.

> Defendant's former girlfriend testified that defendant unexpectedly entered the back door of the house in which

11

she and a male friend were preparing a meal, and that defendant was carrying a knife.

The male friend testified that defendant entered and ran at him with the knife and struck him in the arm with it. He stated that, after he pushed defendant away, defendant approached and struck him again. He stated further that defendant approached him a third time and stabbed him in the neck. According to the witness, the fight continued, and defendant dropped the knife, picked up another one, and tried to stab him again. The witness testified that he forced defendant's hand holding the knife toward defendant's stomach, and that, as a result, defendant was stabbed. The witness and defendant ran, but he chased him and found defendant in a bedroom where he was trying to open a gun case. They struggled again and defendant ran out of the room. The witness testified that he went outside and saw defendant run from the back of the house, across the lawn and across the street where his former girlfriend was standing. Defendant grabbed her by the back of her hair and her throat and squeezed her throat. Defendant eventually fled.

## B.

At trial, defendant asserted self-defense, and, as part of the self-defense instruction, the court instructed the jury that if defendant was not the initial aggressor in the fight *and he was where he had a right to be*, he was not required to retreat to a position of no escape in order to claim the right to employ force in his own defense. On remand from the Court of Appeals, the district court reversed defendant's conviction for second degree assault, concluding that, in accordance with the decision in *People v. Toler*, 9 P.3d 341 (Colo. 2000), the instruction was erroneous.

## C.

Citing *Auman v. People*, 109 P.3d 647, 671 (Colo. 2005), and *People v. Delci*, 109 P.3d 1035, 1037 (Colo. App. 2004), defendant argues that the second degree assault charge, which the People later dismissed, was the assault underlying the first degree burglary charge, *see* § 18-4-202(1), C.R.S. 2008, and, therefore, that the first degree burglary conviction must also be reversed.

Because defendant did not object to the self-defense instruction at trial, we review for plain error and reverse only if we conclude that there was an obvious and substantial error and that it so undermined the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction. *People v. Miller*, 113 P.3d 743, 749-50 (Colo. 2005).

In pertinent part, the People were required to prove that defendant knowingly and unlawfully entered a building or occupied structure "*with intent to commit* therein a crime." § 18-4-202(1) (emphasis added).

In accordance with section 18-1-704(1), C.R.S. 2008, a person is justified in using physical force upon another person to defend himself from what he reasonably believes to be the use or imminent use of *unlawful* physical force by that other person. An occupant of a dwelling may *lawfully* use reasonable force in defense of the premises, including deadly force if necessary to defend himself or another occupant. *See* § 18-1-705, C.R.S. 2008 (defense of premises); *Toler*, 9 P.3d at 353. Thus, a person who trespasses into a dwelling faces the possibility that an occupant of the dwelling may employ *lawful* physical force against him or her. Accordingly, a trespasser is not in the same position as an otherwise innocent person with regard to the privilege of using force in self-defense. *Toler*, 9 P.3d at 353. In those circumstances, a defendant must reasonably believe that the occupant of the dwelling is using or about to use unlawful physical force against him or her.

D.

In instruction number 21, the court advised the jury that, to convict defendant of first degree burglary, it was required to find, among other things, that defendant entered or remained unlawfully in the building with intent to commit first degree murder or assault. Although defendant asserted that the male friend pulled him into the dwelling, the jury's verdict regarding first degree burglary reflects that the jury rejected that assertion, and, instead, found beyond a reasonable doubt that defendant entered the dwelling unlawfully and with the intent to commit assault. It was not necessary for it to find that defendant actually *committed* an assault, nor does the conviction for first degree burglary

reflect a finding that he did so. Because the crime was complete as soon as defendant unlawfully entered the dwelling with the requisite intent and before defendant used any physical force, self defense was not a defense to the burglary.

In addition, because defendant entered unlawfully, the male friend could lawfully use reasonable force in defense of the premises, including deadly force if necessary to defend himself or the female victim. *See* § 18-1-705; *Toler*, 9 P.3d at 353. Thus, unless defendant reasonably believed the male friend was using or about to use unlawful physical force, any use of physical force by defendant would not have constituted self-defense against the male friend's use of force. *Toler*, 9 P.3d at 353; *see also People v. Hayward*, 55 P.3d 803, 806 (Colo. App. 2002) (it is presumed that a defendant knows a person can employ lawful force against him if he unlawfully enters his or her dwelling).

Accordingly, we conclude that the wording of the self-defense instruction did not undermine the fundamental fairness of the trial and does not cast serious doubt on the reliability of the conviction for first degree burglary.

Pre-answer response, ex. T at 2-7.

Notwithstanding the state court's reliance on Colorado law, the United States Supreme Court in *Early v. Packer*, 537 U.S. 3, 8 (2002), made clear that, pursuant to the Antiterrorism and Effective Death Penalty Act, there is no requirement that the state court cite or even be aware of Supreme Court cases "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Id.* Accordingly, where, as here, there is no indication suggesting that the state court did not reach the merits of the claimed faulty self-defense instruction, the § 2254(d)(1) deferential standard applies, and the Court's review is limited to whether Applicant has established that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law. *See, e.g.*, *Gipson*, 376 F.3d at 1196.

With regard to jury instruction No. 21, the Colorado Court of Appeals concluded that, for the jury to convict on first-degree burglary, the prosecution was required to prove beyond a reasonable doubt (1) that the defendant (2) in the State of Colorado, at or about the date and place charged, (3) knowingly, (4) entered or remained unlawfully in a building or occupied structure, (5) with the intent to commit therein the crime of first-degree murder or assault, and (6) while effecting entry into or while in the building or occupied structure or in the immediate flight therefrom, (7) that the defendant assaulted or menaced the male friend.  Trial tr., vol. 1, at 87; *see also* trial tr. vol.11, Dec. 1, 1999, at 145-46.

The self-defense instruction No. 31 provided:

> Where the defendant is the initial aggressor he must, in order to rely on self-defense, have withdrawn from the affray and have communicated the desire to withdraw to his opponent.  However, if the defendant was not the initial aggressor, and was where he had a right to be, then he was not required to retreat to a position of no escape in order to claim the right to employ force in his own defense.

Trial tr. vol. 1, at 97; *see also* trial tr. vol.11, Dec. 1, 1999, at 150.

The Colorado Court of Appeals found that, because the crime of first-degree burglary was complete as soon as Mr. Gross unlawfully entered the dwelling with the requisite intent to commit assault and before he used any physical force, self-defense was not a defense to the burglary.  The state appeals court concluded that the wording of the self-defense instruction did not undermine the fundamental fairness of the trial and did not cast serious doubt on the reliability of the conviction for first-degree burglary.

Having reviewed the record and the jury instructions as a whole, the Court agrees that the effect of the jury instructions was to require the prosecution to prove all of the elements of first-degree burglary beyond a reasonable doubt.  *See* trial tr., vol. 11, Dec. 1, 1999, at 138.  The jury instructions in this case were not "so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law."  *Nguyen*, 131 F.3d at 1357.  This Court finds that the state court decision was not contrary to, or involve an unreasonable application of, clearly established federal law, nor was it an unreasonable determination of the facts presented in the state court proceeding. Accordingly, Mr. Gross is not entitled to relief on this claim.

**Claim Four**

Mr. Gross presented the following grounds for ineffective assistance of trial counsel to the state court.  For ease of understanding, the Court has used the same designation of these grounds as used in the discussion of claim four and its subparts in

**I.  Factual and Procedural Background** above.  Mr. Gross argues that:

> (a) Trial counsel was ineffective by failing to raise the issue of the faulty self-defense instruction.

> (b) Trial counsel was ineffective for failing to:

>> (ii) challenge the prosecution's suppression of evidence;

>> (iii) obtain expert testimony in crime scene investigation techniques;

>> (iv) obtain a medical doctor or burn expert, fluid

16

expert, and metallurgist to testify
regarding substance on a knife
that was found at the crime
scene;

(v) photograph Applicant's
burned hand near the time of the
crimes; and

(vi) impeach the
complaining witness with his
inconsistent statements.

It was clearly established when Mr. Gross was convicted that a defendant has a

right to effective assistance of counsel.  *See Strickland v. Washington*, 466 U.S. 668

(1984).  To establish that counsel was ineffective, Mr. Gross must demonstrate both

that counsel's performance fell below an objective standard of reasonableness and that

counsel's deficient performance resulted in prejudice to his defense.  *See id.* at 687.

"Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.

There is "a strong presumption" that counsel's performance falls within the range of

"reasonable professional assistance."  *Id.*  It is Mr. Gross's burden to overcome this

presumption by showing that the alleged errors were not sound strategy under the

circumstances.  *See id.*  "For counsel's performance to be constitutionally ineffective, it

must have been completely unreasonable, not merely wrong."  *Boyd v. Ward*, 179 F.3d

904, 914 (10th Cir. 1999).

Under the prejudice prong, Mr. Gross must establish "a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have

been different."  *Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability

sufficient to undermine confidence in the outcome."  *Id.*  In determining whether Mr.

Gross has established prejudice, the Court must look at the totality of the evidence presented at trial and not just the evidence that is helpful to Applicant. *See Boyd*, 179 F.3d at 914.

Finally, ineffective-assistance-of-counsel claims are mixed questions of law and fact. *See Strickland*, 466 U.S. at 698. Conclusory allegations that counsel was ineffective are not sufficient to warrant habeas relief. *See Humphreys v. Gibson*, 261 F.3d 1016, 1022 n.2 (10th Cir. 2001). If Mr. Gross fails to satisfy either prong of the *Strickland* test, the ineffective-assistance-of-counsel claim must be dismissed. *See Strickland*, 466 U.S. at 697.

The Colorado Court of Appeals in *Gross III* rejected Mr. Gross's claim (4)(b)(ii) that counsel was ineffective by failing to pursue the issue of the prosecution's alleged suppression of evidence. As previously stated, on August 18, 2005, the Colorado Court of Appeals withdrew *Gross III* in light of the relief granted by the trial court on remand, and dismissed the appeal without prejudice. On remand, the trial court had entered an order finding that the jury had been misinstructed on the defense of self-defense, reversing Mr. Gross's conviction, and ordering a new trial. *See* pre-answer response. ex. D. The trial court subsequently determined that Mr. Gross was entitled to a new trial only as to the second-degree assault charge, which the prosecution chose to dismiss. Even though the state appeals court withdrew its opinion in *Gross III* on grounds not relevant to claim (4)(b)(ii), the appeals court still examined that claim on the merits, and found the following:

> Defendant contends that the police suppressed evidence by failing to test a substance allegedly found on a second knife in the kitchen where a struggle between

18

defendant and the male victim occurred.  Defendant also contends that, even though defense counsel attempted to have the knife tested, counsel was ineffective for failing to pursue the issue of police suppression.  We disagree with both contentions.

First, we disagree with defendant that his conviction was tainted because the prosecution suppressed exculpatory evidence.  We conclude that the evidence was not exculpatory and would not have affected his conviction.  Defendant argues that the substance on the knife was relevant because it revealed that, at some point, the male victim wielded the second knife, and therefore, defendant acted in self-defense.

However, defendant stabbed the victim multiple times with another knife before the altercation involving the second knife took place.  And the jury convicted defendant of burglary, thereby finding that defendant entered the home unlawfully with intent to commit a crime therein.  See § 18-4-202(1), C.R.S. 2003.  The victim had a right to defend himself upon defendant's unlawful entry into the home and subsequent assault.  See § 18-1-704, C.R.S. 2003; People v. Toler, 9 P.3d 341 (Colo. 2000) (party who is the initial aggressor or who provokes the use of physical force may not lawfully use physical force, including deadly force, in certain situations).  Accordingly, even if defendant were correct that the victim wielded the knife against defendant during the struggle in the kitchen, this fact would not provide a defense to defendant.  Where the evidence would not have exculpated defendants, his constitutional rights were not violated by the state's failure to preserve the evidence.

Furthermore, because the evidence was not exculpatory, we disagree with defendant that his trial counsel was ineffective by allegedly failing to pursue the issue of suppression of evidence.  See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.2d.2d 674 (1984) (to establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was outside the wide range of professionally competent assistance and that defendant was prejudiced by counsel's errors.)

Pre-answer response, ex. O (Gross III) at 3-5.

Because the Colorado Court of Appeals found that the evidence was not exculpatory and would not have affected Mr. Gross's conviction, trial counsel could not have been ineffective for failing to pursue the issue of suppression of evidence. *See Strickland*, 466 U.S. at 687. This Court finds that the state court decision in *Gross III* was not contrary to, or involved an unreasonable application of, clearly established federal law. Therefore, Mr. Gross is not entitled to relief on claim 4(b)(ii) that trial counsel was ineffective for failing to challenge the prosecution's suppression of evidence.

The Colorado Court of Appeals in *Gross IV* analyzed the remaining grounds raised in (4)(a) and (4)(b)(iii), (iv), (v), and (vi), and rejected Mr. Gross's ineffective-assistance-of-counsel claim as follows:

> Defendant contends the district court erred in denying his postconviction motion without holding a hearing on his claims of ineffective assistance of counsel. We disagree.
>
> A.
>
> Because a defendant's conviction is presumed to be valid, the defendant has the burden in a Crim. P. 35(c) proceeding to prove the conviction's invalidity by a preponderance of the evidence. *People v. Naranjo*, 840 P.2d 319, 325 (Colo. 1992).
>
> A court may deny a Crim. P. 35(c) motion without a hearing if it raises only legal issues or if the motion and the record clearly establish that the allegations lack merit and do not entitle the defendant to relief. *People v. Blehm*, 983 P.2d 779, 792 (Colo. 1999). A Crim. P. 35(c) motion also may be denied without a hearing where the claims are conclusory and lack supporting allegations. *People v. Bossert*, 772 P.2d 618, 620 (Colo. 1989).
>
> To establish a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's

performance was outside the wide range of professionally competent assistance; and (2) the defendant was prejudiced by counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If a defendant fails to make a sufficient showing on either of the two prongs, the court need not address both components of the test. *Strickland*, 466 U.S. at 687.

The Crim. P. 35(c) court must evaluate the evidence from the perspective of defense counsel at the time of the representation and indulge a strong presumption that counsel's efforts constituted effective assistance. Thus, because there is a presumption of validity that attaches to a judgment of conviction, the burden is on the defendant in a Crim. P. 35(c) proceeding to prove both elements of the *Strickland* test by a preponderance of the evidence. *Naranjo*, 840 P.2d at 325.

B.

In his opening brief, defendant asserts he is entitled to relief on the following claims:

- trial counsel failed to impeach a key witness with prior inconsistent statements;

- counsel did not hire an expert;

- counsel failed to investigate exculpatory evidence; and

- counsel failed to take photos of his injuries in a timely manner.

C.

Defendant asserts that the male victim perjured himself by testifying to a version of the events that was contrary to his own testimony. He also contends that the two victims gave conflicting testimony, and, thus, perjured themselves.

The conflict between defendant's testimony and that of the two witnesses is insufficient evidence of perjury because it relies on a conclusion that defendant's testimony was truthful and credible. However, it is the sole province of

the jury to determine the credibility of the witnesses, to consider what weight should be given to all parts of the evidence, and to resolve conflicts, testimonial inconsistencies, and disputes in the evidence. *See Kogan v. People*, 756 P.2d 945, 950 (Colo. 1988); *People v. Martínez*, 36 P.3d 154, 163 (Colo. App. 2001).

Here, it is apparent that the jury found the testimony of the former girlfriend and the male friend to be more credible than defendant's. For the same reasons, defendant's contention that the alleged conflicts and the alleged perjury in the testimony of the witnesses reflect a lack of competence by his counsel is unfounded.

D.

We reject defendant's contention that his counsel did not investigate exculpatory evidence, did not take timely photos of his injuries, and did not hire an expert and, thus, was ineffective. Such evidence, if relevant at all, would have been relevant to the charge of second degree assault, which has been dismissed. Therefore, any error by counsel was not prejudicial. In addition, defendant committed burglary as soon as he entered the dwelling unlawfully with the requisite mental intent. Therefore, such evidence would not have been relevant to the burglary charge and any failure of counsel in this regard was also not prejudicial.

E.

To the extent any of defendant's allegations of ineffective assistance of counsel pertain to the self-defense instruction or the second degree assault conviction, we conclude that defendant's substantial rights were not affected and that defendant has not shown that he was prejudiced. The trial court dismissed the second degree assault conviction and we have concluded that the instruction did not prejudice him with regard to the burglary charge. Hence, we conclude that, even if defendant's counsel erred with regard to the self-defense instruction, defendant was not prejudiced.

Pre-trial response, ex. T (*Gross IV*) at 7-11.

This Court also finds that the state court decision in *Gross IV* was not contrary to, or involved an unreasonable application of, clearly established federal law.  The Colorado Court of Appeals found Mr. Gross's argument that trial counsel failed to impeach a key witness with prior inconsistent statements to be baseless, pointing out it was the jury responsibility to determine witnesses' credibility and the jury found Mr. Gross's testimony to be less credible than that of his former girlfriend and her male friend.  Therefore, Mr. Gross has failed to overcome the "strong presumption" that counsel's performance fell within the range of "reasonable professional assistance." *Strickland*, 466 U.S. at 689.

The state appeals court rejected Mr. Gross's contentions that his counsel failed to hire an expert, take timely photos of his injuries, and investigate exculpatory evidence, and found that such evidence, if at all relevant, would have been relevant only to the second-degree assault charge, which the trial court dismissed.  Clearly, Mr. Gross could not have been prejudiced by counsel's failure to obtain evidence pertinent to a dismissed charge.  In addition, because Mr. Gross committed burglary as soon as he unlawfully entered the dwelling with the requisite mental intent, evidence pertinent to the second-degree assault charge was not relevant to the burglary charge, and any failure by counsel to present evidence relevant to the assault charge also was not prejudicial.  As a result, Mr. Gross has failed to establish under the prejudice prong of *Strickland* "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

Lastly, Mr. Gross could not have been prejudiced with regard to the self-defense instruction because, as discussed by the Colorado Court of Appeals, self-defense was

23

not a defense to the burglary. *See* pre-answer response, ex. T (*Gross IV*) at 5-6.

Therefore, even if his counsel erred regarding the self-defense instruction, Mr. Gross

was not prejudiced. Accordingly, Mr. Gross has failed to satisfy the prejudice prong of

the *Strickland* test. *See id.*, 466 U.S. at 694. He is not entitled to relief on this claim of

ineffective assistance of counsel.

### III. Conclusion

For the reasons stated above, habeas corpus relief will be denied.

Accordingly, it is

ORDERED that the habeas corpus application is denied, and the action is

dismissed with prejudice. It is

FURTHER ORDERED that each party shall bear his own costs and attorney's

fees. It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that the clerk of the Court mail a copy of this order to Mr.

Gross at the address he last provided to the Court.

Dated this 31st day of March, 2011.

BY THE COURT:

William J. Martínez
United States District Judge